IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PARKER AVENUE, L.P.               :     CIVIL ACTION
                                  :
        v.                        :
                                  :
CITY OF PHILADELPHIA, et al.      :     NO. 13-121

MEMORANDUM

Bartle, J.                                          April 23, 2013

      Plaintiff Parker Avenue, L.P., a real estate owner, has sued defendants City of Philadelphia and the Philadelphia City Council under 42 U.S.C. § 1983 for violation of the Equal Protection Clause and the Due Process Clause of the Constitution.[1]  The defendants have moved to dismiss on the ground that plaintiff has not stated a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

I.

      According to the complaint, plaintiff owns land located at 201-261 (Rear) Parker Avenue in the 21st Ward of the City of Philadelphia.  The tract is within the 4th Councilmanic District now represented by Councilman Curtis Jones, Jr.  For the past seven years, plaintiff has been seeking to develop the property

---

1. Plaintiff also brought state law claims for tortious interference with actual and prospective contractual and business relationships and intentional harm to property interest.  It has advised the court that it is now withdrawing these claims.

with numerous residential units.  While zoning is not an impediment and various necessary approvals from the City and the Commonwealth have been obtained, the City Council, despite the repeated requests of plaintiff, has never passed an ordinance to pave part of Cinnaminson Street.  Plaintiff maintains that without the paving of this street the development of the property cannot go forward.

Plaintiff further avers in its complaint that two bills to accomplish this purpose were introduced into City Council in 2007 and referred to Council's Committee on Streets and Services.  However, they were subsequently removed from the agenda.  The local Ridge Park Civic Association ("Civic Association") persuaded Councilwoman Carol Campbell and her successor Councilman Jones not to support the bills.  Pursuant to custom in City Council, no bills of this kind will proceed without the endorsement of the member of Council in whose district the real estate in issue is located.  In 2012, Councilman Jones, at the suggestion of the Civic Association, introduced a bill to remove access to the property.  Plaintiff does not allege that any action has been taken on this bill.

As a result of the allegedly unconstitutional conduct of defendants, plaintiff asserts it has been prohibited "from reasonably using, developing and enjoying a tract of land it owns in the City" and has lost a substantial amount of money as a result.  In addition to damages, it seeks a writ of mandamus

compelling the City and City Council to authorize the paving of Cinnaminson Street.

II.

Defendants argue that plaintiff has not stated a claim under 42 U.S.C. § 1983 which provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

First, defendants challenge plaintiff's claim that defendants have violated its right to equal protection under the Fourteenth Amendment to the Constitution. Plaintiff asserts that it is a class of one. In The Village of Willowbrook v. Oleck, the Supreme Court allowed a plaintiff to proceed with an equal protection claim where her municipality had demanded a 33 foot easement to connect her property to its water supply where other similarly situated property owners were only required to grant 15 foot easements. 528 U.S. 562, 565 (2000). Plaintiff had alleged that the Village had acted simply out of spite because plaintiff had successfully sued the Village on an unrelated matter. Id. at 563. The Supreme Court held that where a plaintiff alleges she was intentionally treated differently from others similarly situated and no rational basis exists for

difference in treatment, the plaintiff does not need to be a member of a group or class but may be a class of one. Id. at 565.

According to the complaint, Councilman Jones and Councilwoman Campbell before him have heard from both plaintiff and the Civic Association and decided to side with the Civic Association. Plaintiff clearly favors development of the property while the Civic Association apparently does not consider the property development or the paving of Cinnaminson Street to be in the best interests of the neighborhood.

There is no allegation in the complaint that impermissible factors such as race or gender have played any role or that spite or vindictiveness is present. Nor is there anything other than legal conclusions in the complaint that the inaction of Council members Campbell and Jones and of City Council is irrational or arbitrary.[2] The complaint provides no basis to conclude that the two members of City Council did anything other than weigh the various factors that legislators generally consider every day in deciding whether to pursue the passage or defeat of legislation. While we are bound for present purposes to accept all factual allegations as true, we are not

---

2. Plaintiff uses various conclusory language to this effect throughout the complaint. In ¶ 46, for example, plaintiff alleges that "... Defendants have engaged in a continuous open and notorious pattern and course of bad faith and obstructive, delaying, malicious and conspiratorial conduct that has unlawfully prohibited, prevented, hindered, obstructed and delayed plaintiff from reasonably using, developing and enjoying a tract of land it owns in the City."

bound to accept legal conclusions or legal conclusions masquerading as factual allegations. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007).

Plaintiff has not pleaded with the required particularity under Iqbal and Twombly that it has been treated differently than others similarly situated, that is, differently than others who are "alike in all relevant respects." Startzell v. City of Philadelphia, 533 F.3d 183, 203 (3d Cir. 2008) (internal quotation omitted). The conclusory allegation that other similarly situated development projects have gone forward in the vicinity is clearly inadequate to plead the requisite similarity and to render the claim plausible. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

III.

Plaintiff next claims that defendants have violated its right to procedural due process under the Fourteenth Amendment. To state a claim for denial of procedural due process, a plaintiff must plead the loss of a life, liberty or property interest protected by the Fourteenth Amendment and that procedures were not available to provide plaintiff with "due process." Hill v. Borough of Kutztown, 455 F.3d 225, 233-34 (3d Cir. 2006) (citation omitted). While plaintiff seems to couch much of its argument in terms of substantive due process, it does contend that it was "never provided with a hearing, argument, or

other opportunity to publicly address the paving ordinances before City Council."

Plaintiff cites <u>Cleveland Board of Education v. Loudermill</u>, 470 U.S. 532, 535 (1985) which involved a School Board's discharge of a security guard without a hearing when it learned that he had been convicted of grand larceny over ten years before he was hired. The Court ruled he had a property right in continued employment and that his procedural due process rights were infringed when he was terminated without prior notice and an opportunity to be heard. <u>Id.</u> at 545.

<u>Loudermill</u> is inapposite to the claims before us. Unlike plaintiff in <u>Loudermill</u>, plaintiff here contends it was entitled to a hearing before City Council, a legislative body, in connection with bills related to the paving of a street adjacent to its property. Plaintiff cites no cases in support of this argument. Indeed, the Supreme Court in <u>Bi-Metallic Investment Co. v. State Board of Equalization</u>, 239 U.S. 441, 445 (1915), speaking through Justice Holmes, explained that procedural due process does not extend to legislative action:

> General statutes within the state power are passed that affect the person or property of individuals, sometimes to the point of ruin, without giving them a chance to be heard. Their rights are protected in the only way that they can be in a complex society, by their power, immediate or remote, over those who make the rule.

239 U.S. at 445.

Likewise, our Court of Appeals in <u>Rogin v. Bensalem Township</u>, concluded that the plaintiff had no right of procedural due process in connection with the enactment by the Township Board of Supervisors of amendments to the Township's Zoning Code since the Board was acting in a legislative capacity. 616 F.2d 680, 693-94 (3d Cir. 1980). The court stated:

> In short, the general theory of republican government is not due process through individual hearings and the application of standards of behavior, but through elective representation, partisan politics, and the ultimate sovereignty of the people to vote out of office those legislators who are unfaithful to the public will. Inasmuch as the Supervisors, in passing the zoning amendments, were acting in a legislative capacity, [plaintiff] has no procedural due process claim against their actions.

<u>Id.</u> at 694 (footnote omitted).

The situation is the same here. Plaintiff complains it has not been given a hearing before City Council in connection with its failure to pass an ordinance plaintiff favors. Plaintiff simply has no property interest and thus no procedural due process right to be heard in that forum either to urge passage or to urge defeat of legislation even though it may affect the value of plaintiff's real estate.[3]

---

3. We note that plaintiff, in its brief in opposition to the motion to dismiss, states at one point that "Defendants have unconstitutionally appropriated Plaintiff's property as a de facto community parkland by eliminating any viable opportunity for development." This appears to be an argument in support of a claim under the Takings Clause of the Fifth Amendment as incorporated into the Fourteenth Amendment. The Takings Clause provides, "nor shall private property be taken for public use,
(continued...)

IV.

Finally, plaintiff alleges a claim under § 1983 for a violation of its substantive due process rights against arbitrary governmental power which shocks the conscience. County of Sacramento v. Lewis, 523 U.S. 833, 845 (1998). The plaintiff's burden is high. The Supreme Court has ruled that "only the most egregious official conduct can be said to be 'arbitrary in the constitutional sense.'" Id. at 846 (quoting Collins v. Harker Heights, 503 U.S. 115, 129 (1992)). Improper motive is insufficient to establish a substantive due process claim. United Artist Theatre Circuit, Inc. v. Twp. of Warrington, 316 F.3d 392, 399-400 (3d Cir. 2003).

Lewis involved the conduct of a police officer, who is part of the executive branch of government. 523 U.S. at 836. Nonetheless, Justice Souter noted in the Court's opinion that substantive due process also limits what government may do in its legislative capacity. Id. at 846. While land-use matters are not exempt from Constitutional scrutiny, our Court of Appeals has cautioned that a federal court does not sit as a "zoning board of appeals." United Artist, 316 F.3d at 402. Likewise, it does not

---

3. (...continued)
without just compensation." U.S. Const. amend. V. Plaintiff, however, has not pleaded a Takings claim and apparently has not filed an inverse condemnation action in state court to establish that it has not received just compensation for any unconstitutional taking. See San Remo Hotel, L.P. v. City and County of San Francisco, 545 U.S. 323, 346-47 (2005); Williamson County Reg'l Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 190-91 (1985).

sit as a super land-use commission. Our Court of Appeals observed in CMR D.N. Corp. v. City of Philadelphia:

> [W]e largely defer to legislative judgment on such matters as zoning regulation because of the recognition that the process of democratic political decisionmaking often entails the accommodation of competing interests, and thus necessarily produces laws that burden some groups and not others. This court will not substitute its judgment about land use policy and thereby undermine the legitimacy of democratic decisionmaking unless the local legislative judgment is without a plausible rational basis.

703 F.3d 612, 633 (3d Cir. 2013) (emphasis added) (quoting Pace Res., Inc. v. Shrewsbury Twp., 808 F.2d 1023, 1035 (3d Cir. 1987)).

In this case, plaintiff's claim involves not a challenge to a statute or ordinance but rather to the present inaction of Councilman Jones and City Council, that is, the failure in violation of substantive due process to pass an ordinance to pave Cinnaminson Street so that plaintiff can proceed to develop its property. For its case to move forward, plaintiff must allege facts, not conclusions, that shock the conscious. See United Artist, 316 F.2d at 399-400. Again, while the complaint avers that the Councilman and City Council are being irrational and arbitrary in failing to enact legislation desired by plaintiff and that plaintiff is being harmed as a result, it has simply not pleaded sufficient facts to make plausible the conclusory allegations of unconstitutional behavior as required under Iqbal, 556 U.S. at 678 and Twombly, 550 U.S. at

555.  There are no facts set forth that, if true, shock the conscious.  Thus, the plaintiff's substantive due process claim fails.

V.

In conclusion, we will grant the motion of defendants to dismiss the complaint for failure to state a claim.