IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PARKER AVENUE, L.P.                :   CIVIL ACTION
                                   :
         v.                        :
                                   :
CITY OF PHILADELPHIA, et al.       :   NO. 13-121

MEMORANDUM

Bartle, J.                                              August 15, 2013

Plaintiff Parker Avenue, L.P., a real estate developer, has sued defendants City of Philadelphia (the "City") and the Philadelphia City Council ("City Council") under 42 U.S.C. § 1983 for violation of its constitutional rights to Equal Protection, Procedural Due Process, and Substantive Due Process for defendants' failure to pave a street. Plaintiff seeks declaratory relief, monetary damages, attorney's fees, and a writ of mandamus to compel the City and City Council to act. The defendants have moved to dismiss the amended complaint on the ground that it does not state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]

---

1. We dismissed the original complaint on April 23, 2013. See Parker Ave., L.P. v. City of Phila., No. 13-121, 2013 U.S. Dist. LEXIS 57748 (E.D. Pa. Apr. 23, 2013). Thereafter, plaintiff filed its amended complaint which is now before the court.

I.

According to the amended complaint, plaintiff owns land located at 201-261 (Rear) Parker Avenue in the 21st Ward of the City of Philadelphia. The tract is within the 4th Councilmanic District now represented by Councilman Curtis Jones, Jr. For the past seven years, plaintiff has been seeking to develop the property and presently proposes a plan with 48 semi-detached residences. While zoning is not an impediment and various necessary approvals and clearances from the City and the Commonwealth have been obtained, the City Council, despite the repeated requests of plaintiff, has never passed an ordinance to pave part of Cinnaminson Street which apparently adjoins the property. Plaintiff maintains that without the paving of this street the development of the property cannot go forward.

Plaintiff further avers that two bills to accomplish this purpose were introduced into City Council in 2007 and referred to Council's Committee on Streets and Services. However, they were subsequently removed from the agenda. According to the amended complaint, the local Ridge Park Civic Association ("Civic Association") persuaded Councilwoman Carol Campbell and her successor Councilman Jones not to support the bills. Pursuant to custom in City Council, no bills of this kind will proceed without the endorsement of the member of Council in whose district the real estate in issue is located. In 2012, Councilman Jones, at the suggestion of the Civic Association,

introduced a bill to remove access to the property. Plaintiff does not allege that any action has been taken on this bill.

The amended complaint cites eight ordinances passed by City Council between 2007 and 2012 which authorize the paving of a street to facilitate residential development. Including these eight, 39 paving bills were introduced in the last ten years and all were passed by City Council except for the one at issue here relating to Cinnaminson Street. Plaintiff avers that "defendants intentionally singled out plaintiff for different treatment and failed to authorize the paving ordinance required for plaintiff's proposed development."

As a result of the allegedly unconstitutional conduct of defendants, plaintiff asserts it has been prohibited "from reasonably using, developing and enjoying a tract of land it owns in the City" and has lost a substantial amount of money as a result. As noted above, in addition to damages, it seeks declaratory relief as well as mandamus to compel the City and City Council to authorize the paving of Cinnaminson Street.

II.

Defendants argue that plaintiff has not stated a claim under 42 U.S.C. § 1983 which provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the

> party injured in an action at law, suit in equity, or other proper proceeding for redress....

First, defendants challenge plaintiff's claim that defendants have violated its right to equal protection under the Fourteenth Amendment to the Constitution. Plaintiff asserts that it is a class of one. In Village of Willowbrook v. Oleck, the Supreme Court allowed a plaintiff to proceed with an equal protection claim where her municipality had demanded a 33 foot easement to connect her property to its water supply where other similarly situated property owners were only required to grant 15 foot easements. 528 U.S. 562, 565 (2000). Plaintiff had alleged that the Village had acted simply out of spite because plaintiff had successfully sued the Village on an unrelated matter. Id. at 563. The Supreme Court held that where a plaintiff alleges she was intentionally treated differently from others similarly situated and no rational basis exists for difference in treatment, the plaintiff does not need to be a member of a group or class but may be a class of one. Id. at 565.

As with any equal protection claim, the plaintiff must plead that it has been treated differently than others similarly situated, that is, differently than others who are "alike in all relevant aspects." Startzell v. City of Philadelphia, 533 F.3d 183, 203 (3d Cir. 2008) (internal quotation omitted). Plaintiff, in support of its equal protection claim, alleges the passage by City Council of eight ordinances which provide for the paving of

streets in connection with residential development. The court will take judicial notice that the streets involved are in various sections or neighborhoods of Philadelphia and not all are even in the 21st Ward like the property in issue. There is no reference to whether these ordinances were supported or opposed by any neighbors or any local civic association. Plaintiff has also alleged nothing, for example, about the similarities of the locations or their surroundings as they relate to such matters as traffic, noise, congestion, density, type of zoning, or size of the residential development. With respect to the other paving ordinances, we know virtually nothing except the streets involved.

The Supreme Court requires a pleading to contain sufficient factual allegations which, if true, establish the plausibility of the claim that plaintiff is being treated differently than all others similarly situated, that is, than all others who are alike in all relevant aspects. See <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) and <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 555 (2007). The amended complaint is simply insufficient to demonstrate the requisite plausibility.

Moreover, there is nothing other than legal conclusions in the amended complaint that the inaction of Council members Campbell and Jones and of City Council is irrational or arbitrary.[2] Councilman Jones and Councilwoman Campbell before

---

2. Plaintiff uses various conclusory language to this effect
(continued...)

him have heard from both plaintiff and the Civic Association and decided to side with the Civic Association. Plaintiff clearly favors development of the property while the Civic Association does not consider the paving of Cinnaminson Street and the development in issue to be in the best interests of the neighborhood. There is no allegation that impermissible factors such as race or gender have played any role or that spite or vindictiveness is present. The amended complaint provides no factual allegations that the two members of City Council or the City Council as a body did anything other than weigh the various factors that legislators generally consider every day in deciding whether to pursue the passage or defeat of legislation or to take no action.

III.

Plaintiff next claims that defendants have violated its right to procedural due process under the Fourteenth Amendment. To state a claim for denial of procedural due process, a plaintiff must plead the loss of a life, liberty or property interest protected by the Fourteenth Amendment and that procedures were not available to provide plaintiff with "due process." Hill v. Borough of Kutztown, 455 F.3d 225, 233-34 (3d

---

2. (...continued)
throughout the amended complaint. In ¶ 98, for example, plaintiff alleges that "... Defendants have engaged in a continuous open and notorious pattern and course of bad faith and obstructive, delaying, malicious and conspiratorial conduct that has unlawfully prohibited, prevented, hindered, obstructed and delayed plaintiff from reasonably using, developing and enjoying a tract of land it owns in the City."

Cir. 2006) (citation omitted). While plaintiff seems to couch the gravamen of its allegations and much of its argument in terms of substantive due process, it does contend in its brief that it was "never provided with a hearing, argument, or other opportunity to publicly address the paving ordinances before City Council."

Plaintiff cites <u>Matthews v. Eldridge</u> for the proposition that "a fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." 424 U.S. 319, 333 (1976) (internal quotations and citations omitted). The question before the Supreme Court was whether the Due Process clause of the Constitution entitles a beneficiary of social security disability payments to an evidentiary hearing before those benefits may be terminated. After extensive review of the administrative procedures available and weighing the public and private interest involved, the Court held that a pretermination evidentiary hearing was not required under the circumstances.

<u>Matthews</u> is inapposite to plaintiff's claim because the case did not concern the opportunity to be heard in favor or against the approval of legislation. On point is the Supreme Court's decision in <u>Bi-Metallic Investment Co. v. State Board of Equalization</u>, 239 U.S. 441, 445 (1915). There, speaking through Justice Holmes, the Court explained that procedural due process does not extend to legislative action:

> General statutes within the state power are
> passed that affect the person or property of
> individuals, sometimes to the point of ruin,
> without giving them a chance to be heard.
> Their rights are protected in the only way
> that they can be in a complex society, by
> their power, immediate or remote, over those
> who make the rule.

239 U.S. at 445.

Likewise, our Court of Appeals in Rogin v. Bensalem Township concluded that the plaintiff had no right of procedural due process in connection with the enactment by the Township Board of Supervisors of amendments to the Township's Zoning Code since the Board was acting in a legislative capacity. 616 F.2d 680, 693-94 (3d Cir. 1980). The court stated:

> In short, the general theory of republican
> government is not due process through
> individual hearings and the application of
> standards of behavior, but through elective
> representation, partisan politics, and the
> ultimate sovereignty of the people to vote
> out of office those legislators who are
> unfaithful to the public will. Inasmuch as
> the Supervisors, in passing the zoning
> amendments, were acting in a legislative
> capacity, [plaintiff] has no procedural due
> process claim against their actions.

Id. at 694 (footnote omitted).

The situation is the same here. Plaintiff complains it has not been given a hearing before City Council in connection with its failure to pass an ordinance plaintiff favors. Plaintiff simply has no property interest and thus no procedural due process right to be heard in that forum either to advocate passage or to urge defeat of an ordinance even though the result may affect the value of plaintiff's real estate.

IV.

Plaintiff further alleges a claim under § 1983 for a violation of its substantive due process rights against arbitrary governmental power which shocks the conscience. County of Sacramento v. Lewis, 523 U.S. 833, 845 (1998). The plaintiff's burden is high. The Supreme Court has ruled that "only the most egregious official conduct can be said to be 'arbitrary in the constitutional sense.'" Id. at 846 (quoting Collins v. Harker Heights, 503 U.S. 115, 129 (1992)). Improper motive is insufficient to establish a substantive due process claim. United Artists Theatre Circuit, Inc. v. Twp. of Warrington, 316 F.3d 392, 399-400 (3d Cir. 2003).

Lewis involved the conduct of a police officer, who is part of the executive branch of government. 523 U.S. at 836. Nonetheless, Justice Souter noted in the Court's opinion that substantive due process also limits what government may do in its legislative capacity. Id. at 846. Although land-use matters are not exempt from Constitutional scrutiny, our Court of Appeals has cautioned that a federal court does not sit as a "zoning board of appeals." United Artists, 316 F.3d at 402. Likewise, it does not sit as a super land-use commission. The Court of Appeals observed in CMR D.N. Corp. v. City of Philadelphia:

> [W]e largely defer to legislative judgment on such matters as zoning regulation because of the recognition that the process of democratic political decisionmaking often entails the accommodation of competing interests, and thus necessarily produces laws that burden some groups and not others. This

> court will not substitute its judgment about <u>land use policy</u> and thereby undermine the legitimacy of democratic decisionmaking unless the local legislative judgment is without a plausible rational basis.

703 F.3d 612, 633 (3d Cir. 2013) (emphasis added) (quoting <u>Pace Res., Inc. v. Shrewsbury Twp.</u>, 808 F.2d 1023, 1035 (3d Cir. 1987)).

The Court of Appeals has recognized a difference between legislative action on the one hand and executive and non-legislative action on the other. <u>Nicholas v. Pa. State Univ.</u>, 227 F.3d 133, 139 n.1 (3d Cir. 2002). The latter typically involve a single individual or a limited number of persons while legislative action generally applies to a larger segment of society. <u>Id.</u> Here, we have an issue concerning the paving of a street and development of land which will affect not just a landowner but the broader community.

Plaintiff's claim involves not a challenge to a statute or ordinance but rather to the inaction of Councilman Jones and City Council, that is, their failure in violation of substantive due process to pass an ordinance to pave Cinnaminson Street so that plaintiff can proceed to develop its property. Striking down an ordinance is a serious matter under any circumstances, but taking the drastic step of ordering the City or City Council to have a street paved in the absence of a required ordinance is clearly a matter demanding the utmost caution. Just as we do not sit as a zoning board of appeals or a super land-use commission, we do not sit as a super City Council of Philadelphia.

For its case to move forward, plaintiff must meet the appropriate pleading standards, not mere conclusions. While the amended complaint avers that the Councilman and City Council are being irrational and arbitrary in failing to enact legislation desired by plaintiff and that plaintiff is being harmed as a result, it has simply not pleaded sufficient facts to make plausible the conclusory allegations of unconstitutional behavior as required under Iqbal, 556 U.S. at 678 and Twombly, 550 U.S. at 555.

Without the conclusory allegations, the amended complaint simply describes a difference in viewpoint between a landowner and a civic association over the paving of a Philadelphia street which would aid the development of a parcel of land but could adversely affect the lives of people in an urban neighborhood. These are competing interests which City Council must resolve. One way, of course, to resolve an issue is through inaction, thus maintaining the status quo. Plaintiff has presented no factual allegations which, if true, shock the conscience or from which it can plausibly be determined that the "local legislative judgment is without a plausible rational basis." CMR D.N. Corp., 703 F.3d at 633; see also Lewis, 523 U.S. at 845. The plaintiff's substantive due process claim fails.

V.

Finally, plaintiff asserts a claim for mandamus which it says is "brought in the alternative to claims for injunctive

-11-

relief." It simply maintains in conclusory fashion that "Defendants' refusal to introduce the paving ordinance was arbitrary, capricious, and irrational and motivated by purely illegitimate partisan political concerns." Even assuming that a mandamus remedy may exist, plaintiff has not pleaded a plausible claim under <u>Iqbal</u> and <u>Twombly</u>. Clearly, extraordinary circumstances have not been alleged. <u>See</u> <u>In re Diet Drugs Prods. Liab. Litig.</u>, 418 F.3d 372, 378-79 (3d Cir. 2005).

VI.

In conclusion, we will grant the motion of defendants to dismiss the amended complaint for failure to state a claim.